UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.J., | Hon. Joseph H. Rodriguez |
| *Plaintiff,* | |
| v. | Civil No. 1:20-cv-14177 |
| J.P.D., K.M., GALLOWAY TOWNSHIP POLICE, TOWNSHIP OF GALLOWAY, JOHN DOES 1-10, ABC CORPORATIONS, | **OPINION** |
| *Defendants.* | |

Presently before the Court is a Motion for Reconsideration filed by the following Defendants (hereinafter collectively referred to as "the Galloway Township Defendants"): (1) Galloway Township Police and (2) Township of Galloway. Plaintiff was approximately eleven years old when he moved in with J.P.D., a Galloway Township Police Officer who responded to multiple domestic violence calls at the Plaintiff's home. [Am. Compl. ¶¶ 13-15]. While there, J.P.D. began sexually abusing the Plaintiff. Plaintiff, therefore, filed a Complaint against the Galloway Township Defendants, alleging the following claims: failure to train and supervise in violation of § 1983 against Galloway (Count II); violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12, against all Defendants (Count IV); negligent supervision against Galloway (Count VIII); negligence against all Defendants (Count IX); gross negligence against all Defendants (Count X); and vicarious liability against Galloway (Count XII); Count XII (fictitious parties). Township of Galloway then filed a motion to dismiss. [*See* Dkt. 44].

On September 29, 2022, the Court granted Township of Galloway's motion to dismiss in part and dismissing, without prejudice, the 42 U.S.C. § 1983 "Monell" claim, the NJLAD claim,

1

and the direct liability claim based on negligent hiring/supervision/retention. The Court also agreed that Plaintiff's First Amended Complaint failed to allege conduct within the scope of J.P.D.'s employment but declined to dismiss the tort of *respondeat superior* liability due to the potential application of the theory based on Restatement (Second) of Agency § 219(2)(d).

The Galloway Township Defendants now move for reconsideration of the Court's September 29, 2022, Opinion denying dismissal of the tort of *respondeat superior* liability based on the potential application of the theory based on Restatement (Second) of Agency § 219(2)(d). [*See* Dkt. 68 at 27-28]. For the following reasons, however, the Court will deny their motion.

Local Civil Rule 7.1(i), which governs motions for reconsideration in this District,[1] provides in relevant part:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order ... on the original motion by the Judge .... A brief setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked shall be filed with the Notice of Motion.

L. CIV. R. 7.1(i). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision they would like reconsidered. *Anders v. FPA Corp.*, 164 F.R.D.

---

[1] The Township of Galloway and Galloway Township Police Department actually filed this motion pursuant to Federal Rule 59(e). However, in the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), not Federal Rule 59(e). *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The Court will therefore treat this motion as though it was appropriately filed under Local Rule 7.1(i).

2

383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual matters or controlling decisions of law" that were presented to the court, but not considered. *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345. "A mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. *S.C. v. Deptford Twp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. *NL Indus. Inc.*, 935 F. Supp. at 516. Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision." *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995) (citing *Harsco Corp.*, 779 F.2d at 909). The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered. *United States v. DeLaurentis*, 83 F. Supp. 2d 455, 474 n.2. (D.N.J. 2000).

In this case, reconsideration is inappropriate. The Galloway Township Defendants do not point to any dispositive factual matters or controlling legal decisions that the Court overlooked in rendering its original decision. Nor do they identify any manifest legal or factual errors or present newly discovered evidence. Instead, they simply disagree with the original decision because there is no authority from a New Jersey Court to determine whether TCA's scope-of-employment limitation at N.J. Stat. Ann. § 59:2-2, or any other provision of the TCA, permits vicarious liability for a public employee under Restatement (Second) of Agency § 219 (2)(d).

The Galloway Township Defendants also seek reconsideration because they claim the Court erred in applying Restatement (Second) of Agency § 219 (2)(d) since it is no longer

guiding in New Jersey due to it being superseded by Restatement (Third) § 7.03(2). *See E.S. for G.S. v. Brunswick Inv. Ltd. P'ship*, 263 A.3d 527, 540 (NJ. Super. Ct. App. Div. 2021) ("The Restatement Third entirely eliminated the 'aided-by-agency' doctrine of vicarious liability by adopting § 7.03(2)...."). However, the court in *E.S.* acknowledged "[c]ourts have split on the continued vitality of the 'aided by agency' exception to an employer's nonliability in light of the Restatement Third." *Id.* (compare *Pearce v. Werner Enters., Inc.*, 116 F. Supp. 3d 948, 954–57 (D. Neb. 2015) (discussing history of disagreements regarding the scope of the clause, its elimination from the Restatement Third, and predicting that the Nebraska Supreme Court would not adopt the aided-by-agency rule, which "has proven contentious and difficult to apply, and has been disavowed by its creators")). Further, *E.S.* identifies the circumstances to which the aided-by-agency vicarious liability exception applies.

> Our Court has never applied the aided-by-agency exception to employer nonliability in any circumstance other than those remedial statutes designed to... protect children from abuse by those in loco parentis. Other jurisdictions that have applied the doctrine outside such situations have done so only if the employee-tortfeasor was in a position to exercise unique power over the victim. *See Sherman v. State Dep't of Pub. Safety*, 190 A.3d 148, 154–55 (Del. 2018) (holding that "if a police officer makes a valid arrest and then uses that leverage to obtain sex from his arrestee, his misconduct need not fall within the scope of his employment ... to trigger his employer's liability" given "the unique, coercive authority entrusted in ... police under Delaware law"); *Spurlock v. Townes*, 368 P.3d 1213, 1216–17 (N.M. 2016) (applying the theory to a corrections officer); Doe, 853 A.2d at 60–67 (applying the theory to sexual assault by a police officer, based in part on the "extraordinary power that a law enforcement officer has over a citizen").

*Id.* 263 A.3d at 541. Here, Plaintiff alleges childhood sexual abuse at the hands of a police officer who used his badge to exercise power and obtain *in loco parentis* authority over the Plaintiff. The Galloway Township Defendants cite no authority, let alone controlling authority,

4

suggesting the above exceptions or situations where the employee-tortfeasor was in a position to exercise unique power over the victim no longer applies.[2]

The Galloway Township Defendants have failed to show that the "extraordinary remedy" of reconsideration is warranted in this case.

For the reasons stated above, the Defendants' Motion for Reconsideration is and shall be DENIED.

An appropriate Order shall issue.

June 21, 2023

Hon. Joseph H. Rodriguez, USDJ

---

[2] Moreover, the Galloway Township Defendants argue the *in loco parentis* exception applies only to the entity, not the employee. However, this argument is not fit for a motion to reconsider. Thus, the Court does not make the determination whether the *in loco parentis* exception applies only to these entities at this time.

5